UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TERESA AND TIMOTHY GRAHAM,**<br>3685 Christmas Rock Rd, SW<br>Lancaster, Ohio 43130<br><br>     Plaintiffs,<br><br>     **v.**<br><br>**THE CONTAINER STORE, INC.**<br>2000 Valwood Parkway<br>Dallas, TX 75234<br><br>Serve: Cogency Global Inc.<br>      3958-D Brown Park Dr.<br>      Hilliard, Ohio 43026<br><br>**DOES 1-10,**<br><br>     Defendants. | **Case No: 2:21-CV-3793**<br><br>**Judge** _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

For their complaint against the Defendants, The Container Store, Inc. ("Container Store") and Does 1-10, Plaintiffs state based upon personal knowledge, information and belief, and the investigation of their counsel as follows:

## I.    PRELUDE

1.    This case concerns the appalling treatment of customers by the Defendant the Container Store and their unknown accomplices, Does 1-10, whose identities cannot be ascertained at this time. Simply put, the Container Store promised to remove all unwanted products and refund the amount paid by the Plaintiffs but breached their oral agreement with the Plaintiffs

by taking the property and never refunding the amounts paid by the Plaintiffs. Moreover, the Container Store kept property that they took from the Plaintiffs' home and did not provide Plaintiffs with a refund for the property even though Defendants were the one who removed the property from the Plaintiffs' home.

2.    The treatment of the Plaintiffs by the Container Store has been awful from the very start of the relationship. Plaintiffs purchased tens of thousands of dollars of products from the Container Store and the Container Store took excessive amounts of time to provide the Plaintiffs with the purchased products, delivered the wrong products, provided Plaintiffs with installers that failed to show up and overall treated Plaintiffs as if they were a nuisance.

## II.  PARTIES

3.    Plaintiffs Teresa ("Teresa") and Timothy ("Timothy") Graham are a married couple that reside in Lancaster, Ohio, Fairfield County. Plaintiffs have suffered substantial losses as a result of the acts complained of herein.

4.    Defendant The Container Store, Inc. ("Container Store") is a retail store that specializes in providing customers with storage solutions for the home. Container Store sells nearly every type of imaginable storage unit, including storage solutions for the laundry, closet and other spaces in the home. Container Store is based in Dallas, Texas.

### III. JURISDICTION AND VENUE

5.   This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. §1332(d), because this is a class action in which (1) at least some members of the proposed Class have different citizenship from Defendant(s); (2) the proposed class consists of more than 100 persons or entities; and (3) the claims of the proposed members of the Class exceed $5,000,000 in the aggregate.

6.   This Court has personal jurisdiction over Defendants because Defendants do business in this District, and a substantial number of the events giving rise to the claims alleged herein took place in this District.

7.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because at least one of the Plaintiffs resides in this District, Defendants do substantial business and derive substantial revenues from business in this District, and a substantial part of the events or omissions giving rise to the alleged claims occurred in this District.

### IV.   PLAINTIFFS' NIGHTMARE EXPERIENCE

8.   Several years ago, Plaintiffs began receiving marketing materials from the Defendants. The materials promoted storage solutions for the laundry and closet spaces being sold by the Container Store.

3

9.    The marketing materials that the Plaintiffs received indicated that the Container Store could provide the Plaintiffs with reputable and reliable third parties who would install the products sold by the Container Store.

10.    Plaintiffs operate a business that helps hurricane and other storm victims recover after a devastating storm has hit their area. Thus, sometimes Plaintiffs can be away from home for long periods of time. As a result, the Plaintiffs have limited and valuable time in which to deal with issues that arise when a product supplier such as the Defendants fails to provide the promised products and services. Plaintiffs have limited time at home with which to deal with issues related to the home, including the purchase, installation and return of the Defendants' products.

11.    Sometime around 2016, Teresa paid a third-party organizer associated with the Defendants to provide guidance on storage solutions for her home. Following the guidance of the third-party organizer, Teresa began to purchase items from the Container Store.

12.    After her purchase of the items from the Container Store, Teresa became very busy with their storm assistance business. However, she eventually returned home and noticed that although it had been almost a year, the Defendants still had not

4

delivered the products that the Plaintiffs purchased from the Container Store.

13. Teresa contacted the third-party installer to obtain delivery of the products Plaintiffs purchased from the Container Store and to have them installed. However, due to health problems, the installer, recommended by the Defendants, was no longer able to help with the installation of the products purchased from the Container Store.

14. Plaintiffs became increasingly frustrated with the inability to obtain and install the products that they purchased from the Defendants. Plaintiffs requested a refund for the products that they still had not received from the Defendants. However, the Defendants indicated that they would only refund the purchase price and not the taxes paid and they would only give the Plaintiffs gift cards for use in the Container Store. Believing that they had no choice, the Plaintiffs determined to accept the Defendants' gift cards even though they did not include sales tax and could only be used in the Container Store.

15. Since the gift cards would only be good in the Container Store, Teresa returned to the Container Store to look for products that she could purchase with the gift cards. However, Teresa decided to go to the Container Store located in Cincinnati, Ohio because of the poor treatment she received from the Container Store in Columbus, Ohio.

16.  The Defendants' Cincinnati, Ohio store advised Teresa that if she makes a new purchase that day, they would cancel out the gift cards and give her a full refund that included the amount of sales tax that she paid. Teresa believed that this was the best option offered to her because it actually refunded the substantial sales tax paid. Thus, Teresa purchased new items from the Defendants' Cincinnati Container Store.

17.  The Defendants' Cincinnati, Ohio Container Store cancelled the gift cards that were to be mailed to the Plaintiffs and issued a credit to the Plaintiffs. At the time, Plaintiffs believed that the Cincinnati store had credited them with a full refund, including the sales tax that they had paid. However, sometime later, the Plaintiffs realized that the Cincinnati store had not refunded Plaintiffs the sales tax that they paid as the store had promised.

18.  After purchasing the new products, Teresa received an email from the third-party installer recommended by the Defendants. The Defendants' installer was attempting to schedule installation of the Defendants' products. However, after learning of the newly purchased products, the third-party installer began to question whether the products purchased from the Cincinnati store would work in the Plaintiffs' home.

19.  Teresa continued trying to work with the third-party installer recommended by the Defendants to get the proper

products and get them installed. However, the third-party installer was unable to schedule Plaintiffs' installation because she was too busy.

20. Teresa attempted to book the installation of the products purchased from the Defendants' Cincinnati store with other third-party designer/installers recommended by the Defendants. However, they too were unable to install the products for the Plaintiffs as they were too busy.

21. Unable to get the products purchased from the Defendants' store installed, Teresa attempted to return the products purchased from the Defendants Cincinnati store. However, the Defendants' store manager was immediately hostile and refused to return the items for the Plaintiffs.

22. Unable to get a return from the Defendants' store, Plaintiffs contacted Defendants' corporate office for help. Plaintiffs were told that the Defendants' Area Manager was out but would be in touch with the Plaintiffs as soon as she returned.

23. In June 2017, Teresa received an email from Jodi Rubbelke-Johnson ("Johnson"), the Container Store Installation Coordinator. In the email Johnson indicated that her team of contractors would be out the Plaintiffs' residence on June 17, 2017 to pick up ALL of the items that Plaintiffs purchased from the Defendants' stores, uninstall and pick up any already

installed Container Store items and return all of the items for the Plaintiffs.

24. Plaintiffs indicated to Johnson that some of the Defendant's products were acceptable and had been purchased awhile ago. However, Johnson urged the Plaintiffs to let her return ALL of the items that the Plaintiffs had purchased from the Defendants and give Plaintiffs a full refund for ALL of the Defendants' products that Johnson's contractors removed.

25. On June 17, 2017, Defendants' contractors came to the Plaintiffs' residence and removed all installed and uninstalled products that Plaintiffs had purchased from the Container Store. Defendants' contractors carelessly threw and crammed the items from the Plaintiffs' residence in the back of a truck and took them all to the closest Container Store for processing of the refund.

26. In total, Defendants' contractors removed Defendants' products that cost the Plaintiffs tens of thousands of dollars. Plaintiffs reasonably believed that they would receive the promised refund for ALL of the returned products.

27. On June 26, 2017, Teresa received an email from Eva Gordon in Defendants' corporate office. The email advised the Plaintiffs that they would NOT be receiving a refund for ALL of the products removed by the Defendants, contrary to the promises of the Defendants.

8

28. Defendants gave Plaintiffs a short window of 3 days in which to pick up the products that Defendants now refused to return, contrary to Defendants' earlier promises. However, when Timothy tried to contact the store to pick up the items he was told that the store representatives were not permitted to speak to him. Moreover, the items had been uninstalled, crushed and damaged as a result of being hastily removed and thrown into a truck by the Defendants' contractors.

29. The Plaintiffs should not have been required to pick up the products that the Defendants promised to return. Nor should Plaintiffs have been required to reinstall the items that the Defendants would not return. These items were all removed by the Defendants under the agreement that the Plaintiffs would receive a full refund for ALL of the items.

30. Plaintiffs argued that the Defendants should refund the price of ALL of the purchased products as promised. However, Defendants refused to refund the entire purchase price for ALL of the items that the Defendants removed from the Plaintiffs' home.

**V.    CLASS ACTION ALLEGATIONS**

31.   Plaintiffs seek to bring this case as a class action, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated. Plaintiffs have identified three classes that they represent which are defined as:

**FIRST CLASS: BREACH OF AGREEMENT CLASS**

All individuals and entities that have purchased products from the Defendants for personal, family or household use and were promised a refund by the Defendants that was not provided.

**SECOND CLASS: CONVERSION CLASS**

All individuals and entities that have purchased products from the Defendants for personal, family or household use and had property removed from their homes by the Defendants and did not receive a full refund for the property removed by the Defendants.

**THIRD CLASS: TAX REFUND CLASS**

All individuals and entities that purchased products from the Defendants for personal, family or household use, returned some or all of those products to the Defendants' stores and did not receive a refund of the taxes that they paid for the products.

Excluded from the Classes above are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest of Defendants, and Defendants' legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

32.   The number of persons who are members of the Classes described above are so numerous that joinder of all members in one action is impracticable. The popularity of the Defendants'

products, the sales numbers and the policies of the Defendants confirm that the Classes are too numerous for joinder. A brief search of the internet reveals that the acts complained of herein are common practices by the Defendants across the country.

33. Questions of law and fact that are common to the entire Class predominate over individual questions because the actions of Defendants complained of herein were generally applicable to the entire Class. These legal and factual questions include, but are not limited to:

a. Whether Defendants have previously failed to honor promises regarding the return of products;

b. Whether Defendants planned not to give Plaintiffs full return credit as promised for all return products at the time that they authorized the Plaintiffs to return all products purchased from the Defendants;

c. Whether Defendants have wrongfully converted the property of the Plaintiffs;

d. Whether the Defendants failed to return taxes paid as part of their routine in the return of products;

e. Whether Defendants failed to honor promises to the Plaintiffs and others;

f. Whether Defendants breached a duty owed to the Plaintiffs and Class Members;

g. Whether Defendants breached their warranty and/or agreement with the Plaintiffs;

h. Whether Defendants failed to perform in accordance with the warranty by the Defendants;

i. Whether the Defendants' warranties are unconscionable and unenforceable; and

j.    Whether the Plaintiffs and other Class Members suffered damages as a result of the Defendants' conduct.

34.   Questions as to the misrepresentations, breach of warranty and failure to return sales tax are common to Plaintiffs and other Class Members. The determination of these questions will be common to the Plaintiffs and other Class Members.

35.   The determination of the Defendants' knowledge concerning the falsity of its statements made in promises to the Defendants will be common to the Plaintiffs and other Class Members.

36.   The determination of whether Defendants breached contracts and/or warranty agreements with the Plaintiffs and Class Members will be common to the Plaintiffs and other Class Members. The determination of whether Defendants' warranties fail their essential purpose will be common to the Plaintiffs and other Class Members.

37.   Whether Defendants (i) violated any applicable state laws and pursued the course of conduct complained of herein; (ii) acted intentionally or recklessly in engaging in the conduct described herein; and (iii) the extent of the appropriate measure of injunctive and declaratory relief, damages and restitution relief are common questions to the Plaintiffs and other Class Members.

38. Plaintiffs' claims are typical of the other Class Members. Plaintiff purchased products from the Defendants and returned the products when told by the Defendants to return all of the products. Defendants only offered to give Plaintiffs a refund of the price of the products and not the sales tax paid by the Plaintiffs. Additionally, Defendants failed to honor their promise to give the Plaintiffs a full refund on their products even though the Defendants sent out the people to get the products and took ALL of the products Plaintiffs had purchased from the Defendants. Only later, after destroying the products while hauling them in heaps of removed products did the Defendants tell the Plaintiffs to come pick up the products they refused to return. By that time, the Plaintiffs' products were ruined, uninstalled and miles from their home.

39. Plaintiffs will fully and adequately represent and protect the interests of the Class because of the common injuries and interests of the Class Members and the conduct of the Defendants that is or was applicable to all Class Members. Plaintiffs have retained counsel who is competent and experienced in the prosecution of class action litigation and Plaintiffs have no interests that are contrary to or in conflict with those of the Class they seek to represent.

40. A class action is superior to all other available methods for fair and efficient adjudication of this controversy.

The management of this action as a class action does not present any difficulties that preclude its maintenance as a class action. Moreover, the prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards of conduct for Defendant under the laws alleged herein.

41.  The claims of the Class may be certified under Rule 23(b)(1), (b)(2) and/or (b)(3). The members of the Class also seek declaratory and injunctive relief but also seek sizeable monetary relief equal to the warranties to which the Members of the Class were deprived.

**VI.  COUNTS**

> **A.  BREACH OF ORAL AGREEMENT**

42.  Plaintiffs incorporate the allegations in the preceding paragraphs as if fully restated herein.

43.  In June 2017, a representative from the Defendants' corporate offices contacted Plaintiffs. Defendants' representative advised Plaintiffs that they were going to pick up all of the products that the Plaintiffs purchased from the Defendants and return the amount that the Plaintiffs paid for the products.

44.  Plaintiffs asked Defendants' representative if they wanted to give them a refund of all products that they had

purchased from the Defendants, including the older products that the Plaintiffs had purchased from the Defendants. Defendants' representative promised that they would return and refund the Plaintiffs for ALL of the products that the Plaintiffs purchased from the Defendants.

45. Defendants' corporate representative sent out a group of people to uninstall all of the products that the Plaintiffs purchased from the Defendants and pick up all of the products that the Plaintiffs purchased from the Defendants. The team of individuals sent out by the Defendants' representative removed all of the installed products that the Plaintiffs purchased from the Defendants, threw the products in the back of a truck, damaging the products, and took the products to the Defendants' store.

46. On June 27, 2017, Plaintiffs received a message from Defendants' corporate representative advising that the Defendants would not honor their promise to provide a refund for all of the products that the Defendants removed from the Plaintiffs' home. Defendants' representative advised the Plaintiffs that they could come pick up the items that the Defendants would not refund at a store located miles from the Plaintiffs' home. But, by this time the Plaintiffs' products were uninstalled and damaged.

47. As a result of the Defendants' breach of the oral agreement to provide the Plaintiffs with a full refund for all of the products that the Defendants removed from their home, the Plaintiffs have been damaged and are entitled to compensation.

**B. BREACH OF WARRANTY**

48. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully restated herein.

49. As a result of the allegations in the preceding paragraphs, Defendants have breached their warranty on the products sold to the Plaintiffs and other Class Members.

50. Defendants warranted that their products would be suitable for the Plaintiffs' home or the Defendants would provide a full refund of the price of the products. Defendants agreed that the products purchased by the Plaintiffs were not suitable for the Plaintiffs' home and removed the products themselves. However, Defendants refused to provide a refund of the price paid for all of the products that they removed from the Plaintiffs' home. Defendants also refused to refund the taxes paid by the Plaintiffs and subsequently refused to provide even a refund of the price of the products.

51. As a result of the Defendants' breach of the warranty of their products, Plaintiffs have been damaged and are entitled to compensation.

### C.    UNJUST ENRICHMENT

52.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully restated herein.

53.    As a result of the conduct alleged herein, Defendants have been unjustly enriched. Defendants uninstalled, removed and damaged the products that Plaintiffs purchased from the Defendants and despite promising to refund the Plaintiffs for the products, removing, damaging and keeping the products, Defendants refused to provide a refund for the products Plaintiffs purchased from the Defendants.

54.    Defendants have kept the Plaintiffs' products, damaged the products and removed them from Plaintiffs' home, but have not provided a refund for the products. As a result, the Defendants have been unjustly enriched and Plaintiffs have been damaged and are entitled to compensation.

## VII. PRAYER FOR RELIEF

Wherefore Plaintiffs pray for the following relief:

a.    That this action be certified as a class action, that the Plaintiffs be designated class representatives, and Plaintiffs' counsel be designated counsel for the Class;

b.    That Plaintiffs be awarded compensatory damages in an amount to be determined at trial;

c.    That Plaintiffs be awarded punitive damages to the extent permitted and as determined by this Court or a jury;

        d.    That Plaintiffs be awarded the fees and costs incurred in bringing this litigation; and

        e.    Such other relief as this Court or a jury determine appropriate.

**VIII.**      **JURY DEMAND**

Plaintiffs demand a jury for all issues triable to a jury.

Respectfully submitted,

*/s/ Patrick G. Warner*
Patrick G. Warner (0064604)
pwarner@pwarnerlaw.com
Warner Law Group LLC
513 East Rich Street
Suite 201A
Columbus, Ohio 43215
Telephone: 614.226.4077
Facsimile: 614.675.9919

*Counsel for the Plaintiffs*